TOM PETRUS & MILLER, LLLC

| | |
|---|---|
| RICHARD B. MILLER | 3729-0 |
| rmiller@tpm-hawaii.com | |
| Telephone: (808) 792-5855 | |
| PATRICIA KEHAU WALL | 3498-0 |
| kwall@tpm-hawaii.com | |
| Telephone: (808) 792-5823 | |
| ASHLEY R. SHIBUYA | 10200-0 |
| ashibuya@tpm-hawaii.com | |
| Telephone: (808) 792-5804 | |

Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Telephone: (808) 792-5800

Attorneys for Plaintiff
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JESSE BUMANGLAG,<br><br>　　　　　　Defendant. | Civil No. 17-00061 LEK/KJM<br>(Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |

**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Plaintiff State Farm"), filed its Motion for Default Judgment or in the Alternative, Motion for Summary Judgment against Defendant JESSE BUMANGLAG ("Defendant Bumanglag") on June 2, 2017 ("Motion"). ECF No. 14. Defendant Bumanglag was served with a copy of the Motion, and he appeared at the initial hearing on the Motion held on July 14, 2017 and requested a continuance of 90 days to seek legal assistance. ECF No. 18. The Court continued the hearing on the Motion to September 6, 2017. Id. Defendant Bumanglag did not file an opposition or otherwise respond to the Motion. On September 6, 2017, a hearing on the Motion was held, Patricia Kehau Wall, Esq. appeared for Plaintiff State Farm and no appearance was made by Defendant Bumanglag. After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

**I.     BACKGROUND**

This case arises out of a traffic accident that occurred on July 17, 2014, in which Defendant Bumanglag's 1996 Isuzu Hombre was rear-ended by a 2003

2

Nissan Altima while traveling west bound on Farrington Highway. The 2003 Nissan Altima was determined to be uninsured at the time of the accident.

Defendant Bumanglag was the named insured under Car Policy No. 082 2587- F17- 51 (the "Policy") issued by Plaintiff State Farm. The Policy was in effect from June 17, 2014 to December 17, 2014, and included uninsured motorist (UM) coverage of $50,000 per person. Plaintiff State Farm and Defendant Bumanglag could not agree on the amount of Defendant Bumanglag's damages as a result of the accident, and Defendant Bumanglag's UM claim was arbitrated in accordance with the terms of the Policy. The arbitrator issued a decision awarding Defendant Bumanglag damages in the amount of $72,602.93. Plaintiff State Farm made payments to him totaling $50,000.00. Defendant Bumanglag then claimed that he was entitled to recover from Plaintiff State Farm the entire amount awarded by the arbitrator as damages against the uninsured motorist, $72,602.93.

Plaintiff State Farm filed the Complaint for Declaratory Judgment herein on February 13, 2017. ECF No. 1. On February 27, 2017, a certified copy of Plaintiff State Farm's Complaint for Declaratory Relief was served on Defendant Bumanglag. ECF No. 8. Defendant Bumanglag did not answer or otherwise move to defend against the Complaint, and Plaintiff State Farm filed a Request for Entry of Default with the Clerk on May 2, 2017 (ECF No. 11), which request was granted on May 2, 2017 (ECF No. 12).

## II. DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain. Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters Trust Funds v. Stone, 794 F.2d 508, 511-512 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default, "the factual allegations of the complaint, except those relating to

the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and Defendant Bumanglag is a resident and citizen of the State of Hawaii. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

Second, the Court has personal jurisdiction over Defendant Bumanglag. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps v. Life Ins. Co. of N. Am., 980

F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, as set forth in the Proof of Service filed March 9, 2017 (ECF No. 8) and in Plaintiff State Farm's Request for Entry of Default filed on May 2, 2017 (ECF No. 11), service was made on Defendant Bumanglag personally at Leeward Drive Inn, 94-209 Pupukahi Street, Waipahu, Hawaii 96797. This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B. Application of the Eitel Factors

#### 1. The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff State Farm would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff State Farm would be without another recourse for a determination that it has satisfied its obligations under the Policy. Accordingly, the first of the Eitel factors favors the entry of default judgment.

#### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. TeleVideo, 826 F.2d at 917-18; Fair Housing, 285 F.3d at 906.

Here, Plaintiff State Farm filed this action to obtain a declaratory relief that its obligations to Defendant Bumanglag under the UM coverage of his Policy have

6

been fully discharged. Plaintiff State Farm's allegations, taken as true, are sufficient to establish that Plaintiff State Farm is entitled to judgment against Defendant Bumanglag that its obligations to Defendant Bumanglag under the UM coverage of his Policy have been fully discharged. Accordingly, this factor weighs in favor of default judgment.

### 3. **Sufficiency of the Complaint**

The Complaint sufficiently alleges Plaintiff State Farm's entitlement to the declaratory relief sought. The Court finds that the sufficiency of the allegations of the Complaint weigh in favor of default judgment.

### 4. **Sum of Money at Stake**

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff State Farm does not seek to recover any sum of money from Defendant Bumanglag. The Court finds this factor weighs in favor of default judgment.

### 5. **Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the Complaint, except those relating to damages (which are not sought by Plaintiff State Farm in this case), are taken as true. TeleVideo, 826 F.2d at 917-18. Defendant Bumanglag has been given a fair amount of time to respond to the allegations of the

Complaint, but has failed to do so. The Court finds that this factor favors default judgment.

### 6. **Whether Default Was Due To Excusable Neglect**

The Court finds that the default was not the result of excusable neglect. Plaintiff State Farm served Defendant Bumanglag with the Complaint on February 27, 2017. ECF No. 8. Defendant Bumanglag did not answer or otherwise move to defend against the Complaint, and Plaintiff State Farm filed a Request for Entry of Default with the Clerk on May 2, 2017 (ECF No. 11), which request was granted on May 2, 2017 (ECF No. 12). Defendant Bumanglag did appear at the initial hearing on the Motion held on July 14, 2017 and requested a continuance of 90 days to seek legal assistance. ECF No. 18. The Court continued the hearing on the Motion to September 6, 2017. Defendant Bumanglag did not file an opposition or otherwise respond to the Motion. On September 6, 2017, a hearing on the Motion was held, and no appearance was made by Defendant Bumanglag.

The record suggests that Defendant Bumanglag's default was not the result of excusable neglect, but rather due to a conscious and willful decision not to defend this action. Consequently, this factor weighs in favor of default judgment.

### 7. **Policy Favoring Decisions of the Merits**

Defendant Bumanglag's failure to answer Plaintiff State Farm's Complaint in this matter makes a decision on the merits impracticable, if not impossible.

Under Rule 55, "termination of a case before hearing on the merits is allowed whenever a defendant fails to defend an action." PepsiCo, Inc., 238 F. Supp.2d at 1177; see also, Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel Factor is not alone dispositive"). Defendant Bumanglag has failed to defend this action which has rendered adjudication on the merits impracticable, if not impossible. Because Plaintiff State Farm has asserted plausible claims for relief to which Defendant Bumanglag has failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

### 8. Totality of Eitel Factors

The Court finds that the totality of the Eitel factors weigh in favor of entering default judgment in Plaintiff State Farm's favor and against Defendant Bumanglag.

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff State Farm's Motion for Default Judgment be GRANTED as follows:

(1) Default judgment be entered in favor of Plaintiff State Farm against Defendant Bumanglag.

(2) Plaintiff State Farm is entitled to a declaratory judgment that it has already tendered all amounts for uninsured motorist benefits due

Defendant Bumanglag under the subject automobile insurance Policy and has thus fully discharged its contractual duties as to the uninsured motorist coverage under the Policy.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, September 11, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*State Farm Mut. Auto. Ins. Co. v. Jesse Bumanglag*, CV 17-00061 LEK-KJM; Findings and Recommendation Granting Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Default Judgment or, in the Alternative, for Summary Judgment